## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SODEXO, INC. et al. | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | *    Civil No. **23-71 PJM** |
| US FOODS, INC. | * |
| | * |
| Defendant. | * |
| | * |

## MEMORANDUM ORDER

On January 11, 2023, this case was removed to this Court from the Circuit Court for Montgomery County. Shortly thereafter Plaintiffs Sodexo, Inc. and Sodexo Operations, LLC ("Sodexo") filed a Motion to Remand to State Court. ECF No. 14. On March 22, 2023, the Court granted a Motion to Stay pending the resolution of Sodexo's Motion to Remand. The Court addresses that Motion now and, the following reasons, Sodexo's Motion to Remand is **GRANTED.**

## I.    BACKGROUND

Sodexo is a company that provides food services to hospitals, schools, and agencies via food purchasing contracts with food producers that set the price, quantity, and quality for Sodexo's purchases. ECF No. 14. Defendant US Foods, Inc. ("USF"), one of the largest foodservice distributors in the United States, delivers orders to Sodexo's customers throughout the country. ECF No. 18

The relationship between Sodexo and USF is governed by a Prime Distribution Agreement dated December 1, 2009, as amended (the "Distribution Agreement"), under which USF places

1

orders with suppliers for products requested by Sodexo, picks up the products from the suppliers, pays the suppliers for the products at pickup, delivers the products to Sodexo's customers, and passes the cost of the products onto Sodexo, with a negotiated mark-up. ECF No. 14.

A feature of this distribution agreement is USF's requirement to pass on 100% of the cost on to Sodexo, using its "best efforts to ensure that all pricing will be one hundred percent accurate." *Id.* The Distribution Agreement grants Sodexo the right to audit USF's records and, if any overcharge is revealed, USF is obliged to repay that overcharge plus interest. *Id.* ¶ 33.

Pursuant to the Distribution Agreement, Sodexo has requested from USF an assignment of any and all legal claims against food manufacturers arising out of purchases made on Sodexo's behalf. Sodexo claims it has the right to these claims because, under the Distribution Agreement, it is the actual purchasing party and the contract holder.

USF has refused to assign those rights. Instead, USF is actively pursuing legal claims in several cases involving the suppliers and producers of broiler chickens, pork, beef, packaged seafood, and salmon (collectively, the 'Protein Cases,' against the 'Protein Defendants').

In response to USF's decision to pursue these legal claims, Sodexo has brought the instant suit. The Complaint sets forth four state law claims: breach of contract, conversion, unjust enrichment, and breach of the implied covenant of good faith and fair dealing. USF argues that these state law claims inherently implicate antitrust law, raising a federal issue, allowing for the case to be heard in this Court.

## II.    Legal Standard

Federal courts are courts of limited jurisdiction. When a party challenges subject matter jurisdiction, it is the burden of the party asserting jurisdiction to prove that it exists. *Lovern v.*

2

*Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). A federal question exists "only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). Pursuant to the same rule, a federal question cannot be raised on the basis of a federal defense. *See Burrell v. Bayer Corp.*, 918 F.3d 372, 381 (4th Cir. 2019).

The Fourth Circuit has recognized three circumstances that can give rise to a federal question sufficient for jurisdiction: (1) where a claim itself is a federal claim; (2) where the non-federal claim is in an area of law completely preempted by Congress; and (3) where resolution of the non-federal claim requires resolution of a substantial federal question. *See Burrell v. Bayer Corp.*, 918 F.3d 372, 381–82 (4th Cir. 2019); *Pinney v. Nokia, Inc.*, 402 F.3d 430, 443 (4th Cir. 2005); *McFeely v. Wells Fargo Bank, NA*, 568 F. Supp. 3d 553, 556 (D. Md. 2021). The "substantial federal question" doctrine will establish federal jurisdiction when four elements are met: (1) resolution of the federal issue is necessary to the outcome of the case; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) the exercise of federal jurisdiction will not disturb the balance of power between state and federal courts. *See Mayor and City Council of Baltimore v. BP P.L.C.*, 31 F.4th 178, 209 (4th Cir. 2022).

### III.   Analysis

USF claims that this case belongs in federal court because antitrust law, a doctrine controlled entirely by federal law, is at the heart of the disagreement between the parties and creates substantial federal question.

Under Section 4 of the Clayton Act, any person injured "by reason of anything forbidden in the antitrust laws" has the right to bring an action seeking to recover treble damages. 15 U.S.C. § 15(a). In applying Section 4 of the Clayton Act, the Supreme Court has "consistently stated that 'the immediate buyers from the alleged antitrust violators may maintain a suit against the antitrust violators," while holding "that indirect purchasers who are two or more steps removed from the violator in a distribution chain may not sue." *Apple, Inc. v. Pepper*, 139 S. Ct. 1514, 1520 (2019). USF argues that the Supreme Court has gone so far as "den[ying] recovery to those indirect purchasers who may have been actually injured by antitrust violations" in favor of countervailing policy considerations. *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 746 (1977).

USF argues that Sodexo's suit is itself a challenge to the precedent set in *Apple, Inc* because it asserts that an indirect purchaser can and should be permitted to bring the claims at issue in the Protein Cases. It invokes *Ormet Corp. v. Ohio Power Co.* where the Fourth Circuit's held that that the resolution of a dispute that requires the interpretation and application of a federal act in order to resolve the contractual arrangement between parties necessarily involves a federal question and must be resolved by a federal court. 98 F.3d 799 (4th Cir. 1996). Since it is imperative, says USF, to resolve the antitrust question Sodexo's Complaint raises to properly assess the legitimacy of the assignment clause in the Distribution Agreement, per USF, the case must be heard in federal court.

Sodexo submits that this argument is irrelevant — the question of the indirect purchaser doctrine is not at issue in this case. Instead, the operative issue is the assignment of rights pursuant to the Distribution Agreement. Sodexo argues that the antitrust claims that USF makes are not substantial federal questions, they are simply federal defenses, magnified to distract from the state business law claims actually at issue.

4

In support of this argument, Sodexo references *Brinker International, Inc. v. US Foods Inc.*, No. 3:22-cv-00440-M, 2022 WL 3213539 (N.D. Tex. Aug. 8, 2022), a recent case which raises the very question at issue here: Is remand necessary when the assignment of rights in a state law business claim implicates the issue of federal antitrust law?

The Texas Federal Court decided that remand to the state court was appropriate. It held that resolution of the antitrust question was not necessary to the outcome of the case, nor that the federal issue was actually disputed. Specifically, it held that "the fact that the assignment of an antitrust claim may be governed by federal common law does not necessarily mean that a contract claim based on the failure to assign an antitrust claim arises under federal common law." *Id.* The court went on to suggest that it was not necessary to address the antitrust question in order to resolve the case — i.e. whether Brinker, an indirect purchaser, was entitled to recover damages awarded to Defendants, the direct purchasers, for violations of the Sherman Act.

The Court agrees with the Texas federal court's analysis.

The substantial federal question doctrine only establishes federal jurisdiction when the resolution of the federal issue is necessary to the outcome of the case; the federal issue is actually disputed; and the federal issue is substantial. *See Mayor and City Council of Baltimore v. BP P.L.C.*, 31 F.4th 178, 209 (4th Cir. 2022). The claims Sodexo brings — breach of contract, conversion, unjust enrichment, breach of implied covenant of good faith and fair dealing — are indisputably state law claims. The Court agrees with *Brinker's* holding that a contract claim based on the failure to assign an antitrust claim does not necessarily arise under federal common law nor does it mean that the federal law question is actually disputed. In fact, in this case as in *Brinker*, it is only USF's defense that implicates the question of antitrust law and it is settled that

federal question jurisdiction cannot be established by way of a defense in a federal suit. *See Burrell v. Bayer Corp.*, 918 F.3d 372, 381 (4th Cir. 2019).

Given that the antitrust claims that USF brings are ancillary to the state law claims Sodexo advances, it cannot be said that resolving the federal issue is necessary to the outcome of the case; the federal issue is actually disputed; or the federal issue is substantial. The case will be **REMANDED** to the Circuit Court of Maryland for Montgomery County.

## I.    CONCLUSION

For the foregoing reasons, Sodexo's Motion to Remand is **GRANTED.** A separate Order will **ISSUE.**

Date: June __, 2023

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE